16

JDK

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED IN OPEN COURT
SEP 23 2026
CHRISTOPHER L. EKMAN, CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIM. NO. 26-182-JB |
| | * | USAO NO. 22R00338 |
| v. | * | |
| | * | VIOLATIONS: |
| JENNIFER BEVERLY, | * | 18 U.S.C. § 1349 |
| JADASHA BOWMAN, | * | 18 U.S.C. § 1343 |
| KENNEDY LAWRENCE STOVALL WINSTON, | * | 18 U.S.C. § 2 |
| SOLIDA LUCILLE GREEN, | * | |
| PARIS LOVETT, | * | |
| a/k/a PARIS JOHNSON, and | * | FORFEITURE NOTICE |
| SHERMEKA BENJAMIN | * | |
| | * | FILED UNDER SEAL |

## INDICTMENT

THE GRAND JURY CHARGES:

## INTRODUCTION

At times material to this Indictment:

1. Defendant **JENNIFER BEVERLY** owned and operated JB Accounting Tax Service LLC ("JBT"), a tax return preparation business in Mobile, Alabama. **JENNIFER BEVERLY** prepared tax returns for clients and supervised other return preparers she employed, including but not limited to Defendants **JADASHA BOWMAN**, **KENNEDY LAWRENCE STOVALL WINSTON**, **SOLIDA LUCILLE GREEN**, **PARIS LOVETT**, **a/k/a PARIS JOHNSON**, and **SHERMEKA BENJAMIN**. Through JBT, the Defendants provided tax return preparation services in the Southern District of Alabama.

2. The Internal Revenue Service ("IRS") was a bureau within the United States Department of the Treasury ("Treasury") responsible for administering the tax laws of the United States, including the assessment and collection of taxes owed by its citizens.

SEALED

3. An IRS Form 1040, U.S. Individual Income Tax Return ("Form 1040"), was used by U.S. taxpayers to annually report income and expenses and tax due to the United States. The Form 1040 contained schedules, which included IRS Schedule A, Itemized Deductions ("Schedule A") and a Schedule C, Profit or Loss from Business (Sole Proprietorship) ("Schedule C"). Schedule C was attached to Form 1040, when applicable, and filed with the IRS, on which the taxpayer reported, among other things, gross receipts, expenses, and profit or loss from a business the taxpayer operated as a sole proprietorship.

4. In response to the COVID-19 pandemic, Congress passed The Families First Coronavirus Response Act ("FFCRA"), which was enacted in or about March 2020. The FFRCA entitled eligible employers to receive tax credits for wages paid for certain leave, whether from qualified sick leave or qualified family leave, taken by employees due to the Coronavirus (COVID-19) pandemic. The FFCRA contained a provision for eligible self-employed individuals to figure refundable qualified sick and family leave "equivalent" credits if they were unable to perform services as a self-employed individual due to certain COVID-related circumstances occurring between January 1, 2021, and September 30, 2021.

5. IRS Form 7202, Sick Leave Credits ("Form 7202"), was an IRS form that a taxpayer attached to a Form 1040, when applicable, to report, among other things, sick leave credits based on COVID-related interruptions to a taxpayer's self-employment activity. The COVID-related tax credit was available to a self-employed individual who missed work because he or she had to quarantine, care for a family member with COVID-19, care for a child during COVID-related school closures or experienced COVID-19 symptoms.

6. IRS Form 4163, Credit for Federal Tax Paid on Fuels ("FTC"), was used to claim a tax credit for fuel used in an off-highway business use and other nontaxable use. Off-highway



SEALED

business use was any off-highway use of fuel in a trade or business or in an income-producing activity where the equipment or vehicle was not registered with the state government and not required to be registered for use on public highways. Eligible examples included fuels for farming, commercial fishing, and off-highway business equipment. IRS Publication 225 provided the following examples of off-highway business use: (1) in stationary machines such as generators, compressors, power saws, and similar equipment; (2) for cleaning purposes; and (3) in forklift trucks, bulldozers, and earthmovers. Excluded examples included personal use, normal commuted, ridesharing, and non-business yard equipment.

7. Education tax credits helped with the cost of higher education. They may reduce the amount of tax owed on a tax return or they may increase a refund. There were two education credits available:

a. The American Opportunity Tax Credit ("AOTC") was a partially refundable credit. The student could be the taxpayer, their spouse (if filing jointly), or a dependent claimed on a tax return. The student must have been enrolled at least half-time for at least one academic period that began during the tax year of the tax return or the first three months of the following tax year if qualified expenses were paid during the year of the tax return. The student must have been pursuing a program leading to a degree or other recognized education credential. The AOTC allowed a credit up to $2,500.00 per eligible student.

b. The Lifetime Learning Credit ("LLC") was a non-refundable credit. The student could be the taxpayer, their spouse (if filing jointly), or a dependent claimed on a tax return. The student must have been enrolled in one or more courses for at least one academic period that began during the tax year of the tax return or the first three



SEALED

months of the following tax year if qualified expenses were paid during the year of the tax return. The student must have taken a course to acquire or improve job skills and was not required to pursue a program leading to a degree or other recognized education credential. The LLC allowed a credit of up to $2,000.00 per return.

8. Estimated tax payments were payments made to the IRS for taxes owed. If the amount of income tax withheld from a taxpayer's salary or pension was not enough, or if they had income such as interest, dividends, alimony, self-employment income, capital gains, prizes, and awards, they may have had to make estimated tax payments. If the taxpayer operated a business they may have had to make estimated tax payments. Estimated tax payments were used to pay income tax and other taxes such as employment taxes.

9. Credit for repayment of amounts included in income from earlier years was called a section 1341 credit. Taxpayers who reported income in a prior year that they had to repay because it was paid in error or simply did not receive it could take a section 1341 credit. To qualify for the deduction, the repaid income must have exceeded $3,000.00.

10. Other payments or refundable credits listed on the Schedule 3, line 13z on the return were for payments and refundable credits not listed on lines 9-12 of the Schedule 3. These payments and credits could include the Qualified Sick and Family Leave credit, which would be reported on Form 7202, or credits for taxes paid by a regulated investment company or real estate trust, which would be reported on Form 2439.

11. Taxpayers who had income taxes withheld or paid taxes in an amount that exceeded their income tax liability may have been entitled to tax refunds from the IRS. The IRS could send the refund in a variety of ways, including a direct deposit or an U.S. Treasury check through the

mail. When a taxpayer did not list a bank account number on a tax return to receive a refund by direct deposit, the IRS generally mailed any refund due to the address listed on the tax return.

## COUNT ONE
## Conspiracy to Commit Wire Fraud
## Title 18, United States Code, Section 1349

12. The allegations in Paragraphs 1 through 11 of this Indictment are realleged and incorporated here.

13. Beginning in or about January 2022, and continuing through in or about December 2024, in the Southern District of Alabama, and elsewhere, the defendants,

**JENNIFER BEVERLY,**
**JADASHA BOWMAN,**
**KENNEDY LAWRENCE STOVALL WINSTON,**
**SOLIDA LUCILLE GREEN,**
**PARIS LOVETT,**
**a/k/a PARIS JOHNSON, and**
**SHERMEKA BENJAMIN,**

willfully, knowingly, and unlawfully combined, conspired, confederated, and agreed with one another and with other persons, both known and unknown to the Grand Jury, to commit wire fraud in violation of Title 18, United States Code, Section 1343.

### OBJECT OF THE CONSPIRACY

14. The purpose and object of the conspiracy was for the conspirators to execute a scheme and artifice to defraud the United States and the IRS and to obtain money and property belonging to the United States, by means of materially false and fraudulent pretenses, representations, and promises for their own unjust enrichment.

### MANNER AND MEANS OF THE CONSPIRACY

15. The manner and means by which the conspirators sought to accomplish the conspiracy included, among others, the following:

a. Engaging in a tax fraud scheme in which they prepared and caused false and



SEALED

fraudulent tax returns to be electronically submitted to the IRS;

b. Identifying and obtaining taxpayer clients to be used in the tax fraud scheme;

c. Communicating with taxpayer clients in person and electronically;

d. Obtaining taxpayer client taxpayer names, street addresses, social security numbers, bank account numbers, bank routing numbers, email addresses, phone numbers, and other personally identifiable information required to prepare tax returns;

e. Preparing false and fraudulent tax returns, on behalf of themselves and client taxpayers, in which they knowingly included false and fraudulent information;

f. Applying for and obtaining Employer Identification Numbers for clients to substantiate purported businesses on Schedules C;

g. Attaching Schedules C containing falsehoods to Forms 1040 that reported businesses that the client taxpayers did not own or operate and business revenues and expenses that the client taxpayers did not generate or incur;

h. Attaching Forms 7202 containing falsehoods to Forms 1040 that reported fictitious self-employed sick leave credits for client taxpayers who were not self-employed;

i. Attaching Forms 4136 containing falsehoods to Forms 1040 that reported fictitious credits for federal taxes paid on fuel that the client taxpayers did not incur;

j. Causing fraudulent tax forms to be submitted online, using commercial tax software, via interstate wires to the required IRS office located outside the State of Alabama;

k. Causing and attempting to cause refunds to be issued by the IRS based upon falsehoods contained within tax returns;



SEALED

l. Obtaining, using, transferring, withdrawing, and otherwise disposing of proceeds generated from fraudulent tax returns;

m. Concealing, hiding, misrepresenting, and withholding tax return information from taxpayer clients;

n. Collecting and sharing preparer fees as high as $5,000.00 from taxpayer clients in relation to the preparation and presentation of false and fraudulently prepared tax returns;

o. Receiving and depositing fraudulently obtained tax refund proceeds via tax preparation fees; and

p. From in or about 2022 through in or about 2024, preparing over 9,000 fraudulent federal tax returns, claiming more than $177 million in refunds, with approximately $81 million in refunds issued.

16. During the course and in furtherance of the conspiracy set out in Count One, the defendants transmitted and caused to be transmitted wire communications in interstate commerce, to wit, electronically filed tax returns, which originated in the Southern District of Alabama.

In violation of Title 18, United States Code, Section 1349.

**COUNTS TWO THROUGH SIXTY-FOUR**
**Wire Fraud**
**Title 18, United States Code, Section 1343**

17. The allegations in Paragraphs 1 through 11 of this Indictment are realleged and incorporated here.

18. From in or about January 2021 to in or about January 2025, in the Southern District of Alabama, and elsewhere, the defendants,

**JENNIFER BEVERLY,**
**JADASHA BOWMAN,**
**KENNEDY LAWRENCE STOVALL WINSTON,**



SEALED

**SOLIDA LUCILLE GREEN,**
**PARIS LOVETT,**
**a/k/a PARIS JOHNSON, and**
**SHERMEKA BENJAMIN,**

devised and intended to devise a scheme and artifice to defraud the United States, the IRS, and others, and to obtain money and property belonging to the United States and the IRS, by means of materially false and fraudulent promises pretenses, representations, and promises.

## Purpose of the Scheme and Artifice

19. The purpose of the scheme and artifice was to defraud the United States and the IRS of money and property.

## Manner and Means of the Scheme and Artifice

20. It was part of the scheme and artifice that the defendants identified below in each count would and did prepare and electronically file and cause to be filed false and fraudulent tax returns, which contained material misrepresentations designed to obtain fraudulent tax refunds.

## Executions of the Scheme and Artifice

21. On or about the dates listed below, in the Southern District of Alabama, and elsewhere, the defendants identified below, for the purpose of executing the scheme and artifice, and to aid and abet the same, and attempting to do so, did knowingly transmit, and cause to be transmitted in interstate commerce, by means of a wire communication in interstate and foreign commerce, certain signs and signals, to wit: false and fraudulent tax returns, which were



SEALED

electronically filed with the IRS outside the State of Alabama as further described for each count below:

| **Count** | **Date of Execution** (on or about) | **Defendant(s)** | **Taxpayer Client** | **False Item(s) on the Tax Return** | **Total Refund Claimed** (approximate) |
|---|---|---|---|---|---|
| 2 | January 31, 2022 | **JENNIFER BEVERLY** and **SOLIDA LUCILLE GREEN** | **SOLIDA LUCILLE GREEN** | False Schedule C<br>False COVID Credits | $18,576.00 |
| 3 | February 19, 2022 | **JENNIFER BEVERLY** and **SHERMEKA BENJAMIN** | **SHERMEKA BENJAMIN** | False Schedule C<br>False COVID Credits | $17,900.00 |
| 4 | March 3, 2022 | **JENNIFER BEVERLY** | C.B. | False Schedule C<br>False Education Credits<br>False COVID Credits | $11,744.00 |
| 5 | March 3, 2022 | **JENNIFER BEVERLY** | M.T. | False Schedule C<br>False COVID Credits | $6,172.00 |
| 6 | March 11, 2022 | **JENNIFER BEVERLY** | T.T. | False Schedule C<br>False COVID Credits | $17,862.00 |
| 7 | March 14, 2022 | **JENNIFER BEVERLY** | L.H. | False Schedule C<br>False COVID Credits | $17,557.00 |
| 8 | March 28, 2022 | **JENNIFER BEVERLY** | J.P. | False Schedule C<br>False COVID Credits | $20,304.00 |
| 9 | March 30, 2022 | **JENNIFER BEVERLY** and **JADASHA BOWMAN** | J.D. | False Schedule C<br>False COVID Credits | $16,007.00 |
| 10 | March 30, 2022 | **JENNIFER BEVERLY** and **JADASHA BOWMAN** | D.W. | False Schedule C<br>False COVID Credits | $21,290.00 |



SEALED

| **Count** | **Date of Execution** (on or about) | **Defendant(s)** | **Taxpayer Client** | **False Item(s) on the Tax Return** | **Total Refund Claimed** (approximate) |
|---|---|---|---|---|---|
| 11 | April 6, 2022 | **JENNIFER BEVERLY** | F.I. | False Schedule C<br>False COVID Credits | $19,577.00 |
| 12 | April 14, 2022 | **JENNIFER BEVERLY** | J.C. | False Schedule C<br>False COVID Credits | $24,454.00 |
| 13 | April 18, 2022 | **JENNIFER BEVERLY** | C.E. | False Schedule C<br>False COVID Credits | $24,498.00 |
| 14 | May 5, 2022 | **JENNIFER BEVERLY** | S.O. | False Schedule C<br>False COVID Credits | $22,792.00 |
| 15 | January 23, 2023 | **JENNIFER BEVERLY** and **JADASHA BOWMAN** | D.W. | False Fuel Tax Credits | $16,679.00 |
| 16 | January 23, 2023 | **JENNIFER BEVERLY** and **SHERMEKA BENJAMIN** | **SHERMEKA BENJAMIN** | False Schedule C<br>False Fuel Tax Credits | $15,921.00 |
| 17 | January 23, 2023 | **JENNIFER BEVERLY** and **PARIS LOVETT, a/k/a PARIS JOHNSON** | T.T. | False Schedule C<br>False Fuel Tax Credits | $15,268.00 |
| 18 | January 23, 2023 | **JENNIFER BEVERLY** and **SOLIDA LUCILLE GREEN** | A.L. | False Fuel Tax Credits | $18,203.00 |
| 19 | January 24, 2023 | **JENNIFER BEVERLY** and **SOLIDA LUCILLE GREEN** | **SOLIDA LUCILLE GREEN** | False Schedule C<br>False Fuel Tax Credits | $14,902.00 |
| 20 | January 26, 2023 | **JENNIFER BEVERLY** and **JADASHA BOWMAN** | S.S. | False Fuel Tax Credits | $23,447.00 |



SEALED

| **Count** | **Date of Execution** (on or about) | **Defendant(s)** | **Taxpayer Client** | **False Item(s) on the Tax Return** | **Total Refund Claimed** (approximate) |
|---|---|---|---|---|---|
| 21 | January 27, 2023 | **JENNIFER BEVERLY** | C.B. | False Fuel Tax Credits | $26,162.00 |
| 22 | January 27, 2023 | **JENNIFER BEVERLY** and **PARIS LOVETT, a/k/a PARIS JOHNSON** | K.E. | False Schedule C<br>False Fuel Tax Credits | $19,417.00 |
| 23 | January 28, 2023 | **JENNIFER BEVERLY** and **KENNEDY LAWRENCE STOVALL WINSTON** | A.K. | False Fuel Tax Credits | $21,897.00 |
| 24 | January 30, 2023 | **JENNIFER BEVERLY** and **SOLIDA LUCILLE GREEN** | G.D. | False Fuel Tax Credits | $25,530.00 |
| 25 | January 30, 2023 | **JENNIFER BEVERLY** | T.W. | False Schedule C<br>False Fuel Tax Credits | $1,400.00 |
| 26 | February 1, 2023 | **JENNIFER BEVERLY** and **KENNEDY LAWRENCE STOVALL WINSTON** | B.B. | False Fuel Tax Credits | $18,668.00 |
| 27 | February 4, 2023 | **JENNIFER BEVERLY** and **SOLIDA LUCILLE GREEN** | J.R. | False Fuel Tax Credits | $17,321.00 |
| 28 | February 5, 2023 | **JENNIFER BEVERLY** and **JADASHA BOWMAN** | D.S. | False Fuel Tax Credits | $18,837.00 |
| 29 | February 7, 2023 | **JENNIFER BEVERLY** | R.K. | False Fuel Tax Credits | $27,184.00 |



SEALED

| Count | Date of Execution (on or about) | Defendant(s) | Taxpayer Client | False Item(s) on the Tax Return | Total Refund Claimed (approximate) |
|---|---|---|---|---|---|
| 30 | February 7, 2023 | **JENNIFER BEVERLY** and **SOLIDA LUCILLE GREEN** | B.M. | False Fuel Tax Credits | $22,046.00 |
| 31 | February 7, 2023 | **JENNIFER BEVERLY** and **SHERMEKA BENJAMIN** | K.S. | False Fuel Tax Credits | $24,056.00 |
| 32 | February 8, 2023 | **JENNIFER BEVERLY** and **SOLIDA LUCILLE GREEN** | K.R. | False Schedule C<br>False Fuel Tax Credits | $22,531.00 |
| 33 | February 8, 2023 | **JENNIFER BEVERLY** and **SOLIDA LUCILLE GREEN** | O.R. | False Fuel Tax Credits | $21,062.00 |
| 34 | February 8, 2023 | **JENNIFER BEVERLY** and **SOLIDA LUCILLE GREEN** | B.F. | False Fuel Tax Credits | $19,731.00 |
| 35 | February 8, 2023 | **JENNIFER BEVERLY** and **JADASHA BOWMAN** | B.W. | False Fuel Tax Credits | $18,984.00 |
| 36 | February 14, 2023 | **JENNIFER BEVERLY** and **KENNEDY LAWRENCE STOVALL WINSTON** | B.B. | False Fuel Tax Credits | $22,181.00 |
| 37 | February 15, 2023 | **JENNIFER BEVERLY** and **PARIS LOVETT, a/k/a PARIS JOHNSON** | J.S. | False Fuel Tax Credits | $21,415.00 |
| 38 | February 17, 2023 | **JENNIFER BEVERLY** | F.I. | False Fuel Tax Credits | $23,832.00 |



SEALED

| **Count** | **Date of Execution** (on or about) | **Defendant(s)** | **Taxpayer Client** | **False Item(s) on the Tax Return** | **Total Refund Claimed** (approximate) |
|---|---|---|---|---|---|
| 39 | February 17, 2023 | **JENNIFER BEVERLY** and **KENNEDY LAWRENCE STOVALL WINSTON** | M.R. | False Fuel Tax Credits | $18,371.00 |
| 40 | February 18, 2023 | **JENNIFER BEVERLY** and **SOLIDA LUCILLE GREEN** | T.T. | False Fuel Tax Credits | $20,538.00 |
| 41 | February 22, 2023 | **JENNIFER BEVERLY** and **KENNEDY LAWRENCE STOVALL WINSTON** | A.G. | False Fuel Tax Credits | $20,779.00 |
| 42 | February 27, 2023 | **JENNIFER BEVERLY** and **PARIS LOVETT, a/k/a PARIS JOHNSON** | K.H. | False Fuel Tax Credits | $23,061.00 |
| 43 | February 27, 2023 | **JENNIFER BEVERLY** and **JADASHA BOWMAN** | R.B. | False Fuel Tax Credits | $17,828.00 |
| 44 | March 2, 2023 | **JENNIFER BEVERLY** | C.L. | False Fuel Tax Credits | $24,876.00 |
| 45 | March 3, 2023 | **JENNIFER BEVERLY** and **SHERMEKA BENJAMIN** | M.P. | False Fuel Tax Credits | $20,781.00 |
| 46 | March 7, 2023 | **JENNIFER BEVERLY** | L.H. | False Fuel Tax Credit | $27,022.00 |
| 47 | March 8, 2023 | **JENNIFER BEVERLY** and **PARIS LOVETT, a/k/a PARIS JOHNSON** | N.W. | False Fuel Tax Credits | $14,928.00 |



SEALED

| Count | Date of Execution (on or about) | Defendant(s) | Taxpayer Client | False Item(s) on the Tax Return | Total Refund Claimed (approximate) |
|---|---|---|---|---|---|
| 48 | April 18, 2023 | **JENNIFER BEVERLY** and **PARIS LOVETT, a/k/a PARIS JOHNSON** | B.O. | False Fuel Tax Credits | $16,813.00 |
| 49 | May 9, 2023 | **JENNIFER BEVERLY** and **PARIS LOVETT, a/k/a PARIS JOHNSON** | Q.T. | False Fuel Tax Credits | $14,268.00 |
| 50 | January 23, 2024 | **JENNIFER BEVERLY** and **JADASHA BOWMAN** | S.S. | False Credit Repayments<br>False Estimated Tax Payments | $28,541.00 |
| 51 | January 24, 2024 | **JENNIFER BEVERLY** and **PARIS LOVETT, a/k/a PARIS JOHNSON** | B.O. | False Credit Repayments<br>False Estimated Tax Payments | $23,489.00 |
| 52 | January 24, 2024 | **JENNIFER BEVERLY** and **PARIS LOVETT, a/k/a PARIS JOHNSON** | K.E. | False Credit Repayments<br>False Estimated Tax Payments<br>False Schedule 3 | $20,794.00 |
| 53 | January 25, 2024 | **JENNIFER BEVERLY** | L.H. | False Schedule A<br>False Schedule C<br>False Credit Repayments<br>False Estimated Tax Payments<br>False Schedule 3 | $24,454.00 |
| 54 | January 30, 2024 | **JENNIFER BEVERLY** and **JADASHA BOWMAN** | D.S. | False Credit Repayments<br>False Estimated Tax Payments | $24,229.00 |
| 55 | January 30, 2024 | **JENNIFER BEVERLY** | J.G. | False Schedule A<br>False Credit Repayments<br>False Estimated Tax Payments | $23,048.00 |



SEALED

| **Count** | **Date of Execution** (on or about) | **Defendant(s)** | **Taxpayer Client** | **False Item(s) on the Tax Return** | **Total Refund Claimed** (approximate) |
|---|---|---|---|---|---|
| 56 | February 7, 2024 | **JENNIFER BEVERLY** and **PARIS LOVETT, a/k/a PARIS JOHNSON** | Q.T. | False Schedule C<br>False Estimated Tax Payments | $18,693.00 |
| 57 | February 7, 2024 | **JENNIFER BEVERLY** and **JADASHA BOWMAN** | L.J. | False Schedule A<br>False Schedule C<br>False Credit Repayments<br>False Estimated Tax Payments | $19,044.00 |
| 58 | February 9, 2024 | **JENNIFER BEVERLY** and **PARIS LOVETT, a/k/a PARIS JOHNSON** | C.H. | False Credit Repayments<br>False Estimated Tax Payments<br>False Schedule 3 | $22,806.00 |
| 59 | February 14, 2024 | **JENNIFER BEVERLY** | A.S. | False Schedule A<br>False Credit Repayments<br>False Estimated Tax Payments | $11,611.00 |
| 60 | February 14, 2024 | **JENNIFER BEVERLY** and **JADASHA BOWMAN** | D.W. | False Schedule A<br>False Schedule C<br>False Credit Repayments<br>False Estimated Tax Payments<br>False Schedule 3 | $22,293.00 |
| 61 | February 15, 2024 | **JENNIFER BEVERLY** | F.I. | False Schedule A<br>False Credit Repayments | $14,955.00 |
| 62 | February 17, 2024 | **JENNIFER BEVERLY** | R.K. | False Schedule A<br>False Credit Repayments | $20,826.00 |



SEALED

| **Count** | **Date of Execution** (on or about) | **Defendant(s)** | **Taxpayer Client** | **False Item(s) on the Tax Return** | **Total Refund Claimed** (approximate) |
|---|---|---|---|---|---|
| 63 | February 19, 2024 | **JENNIFER BEVERLY** | C.B. | False Credit Repayments<br>False Estimated Tax Payments<br>False Schedule 3 | $20,559.00 |
| 64 | March 1, 2024 | **JENNIFER BEVERLY** and **SOLIDA LUCILLE GREEN** | G.D. | False Schedule C<br>False Education Credits<br>False Credit Repayments<br>False Fuel Tax Credits | $15,406.00 |

In violation of Title 18, United States Code, Section 1343, and Title 18, United States Code, Section 2.

**NOTICE OF FORFEITURE AND FINDING OF PROBABLE CAUSE**

Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given of 18 U.S.C. § 982 and 28 U.S.C. § 2461(c). Under Section 2461(c), criminal forfeiture is applicable to any offenses for which forfeiture is authorized by any other statute, including but not limited to 18 U.S.C. § 981 and all specified unlawful activities listed or referenced in 18 U.S.C. § 1956(c)(7), which are incorporated as to proceeds by Section 981(a)(1)(C). The following assets are subject to forfeiture in accordance with Section 982 and/or 2461(c):

a. All property which constitutes or is derived from proceeds of the violations set forth in this Indictment; and

b. If, as set forth in 21 U.S.C. § 853(p), any property described in (a) cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property



SEALED

which cannot be divided without difficulty, all other property of the defendant to the extent of the value of the property described in (a).

The Grand Jury finds probable cause to believe that the following assets are subject to forfeiture on one or more of the grounds stated above:

a. A forfeiture money judgment in the amount of proceeds **JENNIFER BEVERLY** obtained as a result of the offenses charged in the Indictment.

b. A forfeiture money judgment in the amount of proceeds **JADASHA BOWMAN** obtained as a result of the offenses charged in the Indictment.

c. A forfeiture money judgment in the amount of proceeds **KENNEDY LAWRENCE STOVALL WINSTON** obtained as a result of the offenses charged in the Indictment.

d. A forfeiture money judgment in the amount of proceeds **SOLIDA LUCILLE GREEN** obtained as a result of the offenses charged in the Indictment.

e. A forfeiture money judgment in the amount of proceeds **PARIS LOVETT a/k/a PARIS JOHNSON** obtained as a result of the offenses charged in the Indictment.

f. A forfeiture money judgment in the amount of proceeds **SHERMEKA BENJAMIN** obtained as a result of the offenses charged in the Indictment.

g. The real property at 1317 Penny Lakes Drive, Semmes, Alabama 36575;

h. The real property at 1405 Springhill Avenue, Mobile, Alabama 36607;

i. The real property at 1407 Springhill Avenue, Mobile, Alabama 36607;

j. The real property at 1617 Princess Helen Road West, Mobile, Alabama 36618;

k. The real property at 2336 Marigold Loop East, Semmes, Alabama 36575;

l. The real property at 8286 Sycamore Way, Semmes, Alabama 36575;



SEALED

m. The real property at 8294 Sycamore Way, Semmes, Alabama 36575;

n. The real property at 8305 Glenwood Way, Semmes, Alabama 36575;

o. The real property at 2307 Marigold Loop East, Semmes, Alabama 36575;

p. The real property at 5977 Creekside Trail, Theodore, Alabama 36582;

q. The real property at 6173 Waterbridge Avenue, Theodore, Alabama 36582; and

r. The real property at 2566 Windmere Drive East, Semmes, Alabama 36575.

A TRUE BILL

FOREPERSON, UNITED STATES GRAND JURY
SOUTHERN DISTRICT OF ALABAMA

SEAN P. COSTELLO
UNITED STATES ATTORNEY

By:

JUSTIN D. KOPF
Deputy Chief, Criminal Division

KASEE S. HEISTERHAGEN
Chief, Criminal Division

SEPTEMBER 2026



SEALED